UNITED STATES of America,
Plaintiff–Appellee,

v.

Juan Alberto CASTILLO, Defendant–
Appellant.

No. 09–2357.

United States Court of Appeals,
Seventh Circuit.

Submitted March 10, 2010.

Decided March 10, 2010.

Kaarina Salovaara, Chicago, IL, for Plaintiff–Appellee.

John T. Kennedy, Evanston, IL, for Defendant–Appellant.

Before WILLIAM J. BAUER, Circuit Judge, TERENCE T. EVANS, Circuit Judge, DIANE S. SYKES, Circuit Judge.

## ORDER

Juan Alberto Castillo pleaded guilty to conspiring to import 1 kilogram or more of heroin into the United States, *see* 21 U.S.C. § 963; 18 U.S.C. § 2, and received a sentence of 120 months' imprisonment. In his plea agreement, he waived his right to appeal his conviction and sentence. He filed a notice of appeal, but his appointed counsel seeks to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he cannot

---

identify any nonfrivolous argument to pursue. Castillo responded to his lawyer's submissions. *See* Cir. R. 51(b). We limit our review to the potential issues identified in the facially adequate brief submitted by counsel and in Castillo's response. *See United States v. Schuh,* 289 F.3d 968, 973–74 (7th Cir.2002).

Castillo has provided no hint that he wishes to have his guilty plea set aside, so counsel rightly omits a discussion of the plea's voluntariness or the plea colloquy. *See United States v. Knox,* 287 F.3d 667, 671 (7th Cir.2002).

Both counsel and Castillo consider whether Castillo could challenge his sentence. Counsel focuses on the possible applicability of a safety-valve reduction, *see* U.S.S.G. § 5C1.2, and Castillo on the calculation of his criminal history points. *See* U.S.S.G. § 4A1.1. Both of these arguments, however, are foreclosed by the appeal waiver. If the guilty plea stands, so does the waiver. *See Nunez v. United States,* 546 F.3d 450, 453 (7th Cir.2008).

Finally, counsel, who did not represent Castillo at trial, also considers whether Castillo could argue that his trial counsel was ineffective. But a challenge to the adequacy of counsel's performance is best explored in a collateral proceeding so that a more complete record can be developed. *See Massaro v. United States,* 538 U.S. 500, 504–05, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003); *United States v. Harris,* 394 F.3d 543, 557–58 (7th Cir.2005).

For the foregoing reasons, we GRANT counsel's motion to withdraw and DISMISS Castillo's appeal.